JUDGE RAKOFF

08 CV 5022

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
BUILDING SERVICE 32BJ HEALTH FUND,
BUILDING SERVICE 32BJ LEGAL SERVICES
FUND, BUILDING SERVICE 32BJ THOMAS
SHORTMAN TRAINING, SCHOLARSHIP AND
SAFETY FUND,                                                    **COMPLAINT**

                              Plaintiffs,              08-CV-   (   )

     -against-                                  

UNION LABOR MAINTENANCE, INC. and its successors
and/or its alter egos U-L MANAGEMENT, INC.;
U-L MANAGEMENT; and John Reed,
Michael McCarthy and Paul Searfoss d/b/a
U-L MANAGEMENT

                              Defendants.
------------------------------------------------------------X

Plaintiffs, Building Service 32BJ Health Fund ("Health Fund"),; Building Service 32BJ Legal Services Fund ("Legal Fund"); and Building Service 32BJ Thomas Shortman Training, Scholarship and Safety Fund ("Training Fund"), herein collectively referred to as the "Funds," by their attorneys Raab, Sturm, Goldman & Ganchrow, LLP, as and for their Complaint against UNION LABOR MAINTENANCE, INC. ("UNION LABOR") and its successors and/or alter egos U-L MANAGEMENT, INC. ("U-L Inc."), U-L MANAGEMENT ("U-L") and John Reed, Michael McCarthy and Paul Searfoss d/b/a U-L MANAGEMENT ("U-L Partnership"), herein collectively referred to as "Defendants", respectfully allege as follows:

### NATURE OF ACTION

1.   This is a civil action brought pursuant to Sections 502(a)(3) and 515 of the

Employee Retirement Income Security Act, as amended (29 U.S.C. §§ 1132(a)(3), 1145), (hereinafter referred to as "ERISA") and Section 301 of the Labor-Management Relations Act of 1947 (29 U.S.C. § 185) (hereinafter referred to as the "Taft-Hartley Act"), by an employee welfare benefit fund, an employee pre-paid legal services benefit fund, and an employee training, scholarship and safety benefit fund, for injunctive and other equitable relief under ERISA and for breach of contract to secure performance by an employer of specific statutory and contractual obligations to pay and/or submit the required monetary contributions and reports to the Funds and to permit and cooperate in the conduct of audits of the books and records of Defendants and as parties contractually bound by the collective bargaining agreements (as hereinafter defined) by the Funds and/or their designated representatives. This Complaint alleges that by failing, refusing or neglecting to pay and submit the required monetary contributions and/or reports to the Funds when due, Defendants violated their collective bargaining agreements, and the respective trust agreements of the Funds, and ERISA.

## JURISDICTION

2. Jurisdiction of this Court is invoked under the following statutes:

    (a) Section 502(e)(1) and (f) of ERISA (29 U.S.C. § 1132(e)(1) and (f);

    (b) Section 301 of the Taft-Hartley Act (29 U.S.C. Section 185);

    (c) 28 U.S.C. Section 1331 (federal question); and

    (d) 28 U.S.C. Section 1337 (civil actions arising under an Act of Congress regulating commerce).

## VENUE

3. Venue properly lies in this district under Section 502(e)(2) of ERISA (29 U.S.C. § 1132 (e)(2)). Service of process may be made on Defendants in any other district in which they

may be found, pursuant to Section 502(e)(2) of ERISA (29 U.S.C. § 1132(6)(2)).

## PARTIES

4. The Funds are jointly-administered, multi-employer, labor-management trust Funds established and maintained pursuant to various collective bargaining agreements in accordance with Section 302(c)(5) of the Taft-Hartley Act (29 U.S.C. § 186(c)(5)). The Funds are employee benefit plans within the meaning of Sections 3(2), 3(3) and 502(d)(1) of ERISA (29 U.S.C. § 1002(2),(3), and 1132(d)(1)), and multi-employer plans within the meaning of Sections 3(37) and 515 of ERISA (29 U.S.C. §§ 1002(37) and 1145). The Funds are authorized to maintain suit as independent legal entities under Section 502(d)(1) of ERISA (29 U.S.C. § 1132(d)(1)). The purpose of the Funds is to receive contributions from employers who are parties to collective bargaining agreements with Service Employees International Union, Local 32BJ ("Union"), to invest and maintain those monies, and to distribute health and insurance benefits, and pre-paid legal services and training, scholarship and safety benefits to those employees eligible to receive them. The Funds maintain their offices and are administered at 101 Avenue of the Americas, New York, New York 10013, in the City, County, and State of New York.

5. The Union is a labor organization within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185) which represents employees in an industry affecting commerce as defined in Section 501 of the Taft-Hartley Act (29 U.S.C. § 142) and Section 3(4) of ERISA (29 U.S.C. § 1002(4)). The Union maintains its offices and is administered at 101 Avenue of the Americas, New York, New York 10013, in the City, County, and State of New York.

6. A) Upon information and belief, at all times material hereto "Union Labor" was a for-profit New Jersey corporation doing business in various states of the United States, including

the State of New Jersey, as an employer within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. §§ 1002(5) and 1145), and was an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185). Further, upon information and belief, "Union Labor" is party to a collective bargaining agreement (hereinafter the "Agreement") with the Union wherein, *inter alia*, "Union Labor" became obligated to pay and/or submit the required monetary contributions and/or reports to the Funds, for "Union Labor's" employees within the unit set forth in the Agreement with Union. Further, upo information and belief, onor about October 16, 2007, "Union Labor's" certification as a New Jersey Corporation was revoked for not filing the required annual report for two consecutive years.

6. B) Upon information and belief, at all times material hereto "U-L" and "U-L, Inc." were and continue to be for-profit New Jersey corporations doing business in various states of the United States, including the State of New Jersey, as an employer within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. §§ 1002(5) and 1145), and were and are an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185). Further, upon information and belief, "U-L" and "U-L, Inc." as successors to and/or alter egos of "Union Labor", were party to a collective bargaining agreement (hereinafter the "Agreement") with the Union wherein, *inter alia*, "U-L" and "U-L, Inc.", as successors to and/or alter egos of "Union Labor", became obligated to pay and/or submit the required monetary contributions and/or reports to the Funds, for "U-L's" and "U-L, Inc.'s" employees within the unit set forth in the Agreement with Union.

6. C) Upon information and belief, at all times material hereto John Reed, Michael McCarthy and Paul Searfoss have held themselves out as doing business under the name "U-L Management" and therefore are and continue to constitute a partnership doing business in

various states of the United States, including the State of New Jersey, as an employer within the meaning of Sections 3(5) and 515 of ERISA (29 U.S.C. §§ 1002(5) and 1145), and were and are an employer in an industry affecting commerce within the meaning of Section 301 of the Taft-Hartley Act (29 U.S.C. § 185). Further, upon information and belief, as successor to and/or alter ego of "Union Labor" they are party to a collective bargaining agreement (hereinafter the "Agreement") with the Union wherein, *inter alia*, "U-L Partnership" became obligated to pay and/or submit the required monetary contributions and/or reports to the Funds, for "U-L Partnership's" employees within the unit set forth in the Agreement with Union.

6.    D)    Upon information and belief "Union Labor", "U-L, Inc.", "U-L" and "U-L Partnership are a "single employer" and/or a "joint-employer" as they constitute a single integrated employer employing the employees employed under the Agreement with the Union and they all possess the power to control the employees represented by the Union under the above described Agreement.

6.    E)    Upon information and belief "Union Labor", "U-L, Inc.", "U-L" and "U-L Partnership" are alter egos of each other as they share a common ownership and management, have a common business purpose, have the identical operations and supervision, utilize the same equipment and premises, have identical customers, and were created, at least in part, to avoid responsibilities under the collective bargaining agreement with the Union.

### AS AND FOR A FIRST CLAIM FOR RELIEF
### (FUNDS' CLAIM FOR BREACH OF CONTRACT BY DEFENDANTS )

7.    The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 6 of this Complaint, as if fully set forth herein.

8.    Pursuant to the Agreement, there became due and owing to Funds from

Defendants benefit contributions for the period from January 1, 2007 to December 31, 2007.

9. The Defendants are delinquent in their monthly contributions owed to the Funds and since January 2007 none of the contributions contractually due to the Funds has been paid by the Defendants, although all contributions have been duly demanded and the Funds have been damaged in the amount of $86,299.68.

10. The failure, refusal or neglect of Defendants to make the required contributions to the Funds constitutes a violation of the Agreement between Defendants and the Union with respect to which the Funds are third-party beneficiaries.

11. Accordingly, Defendants are jointly and severally liable to the Funds for benefit contributions in the amount due for the period set forth above, plus such other or further amounts as will be found due and owing pursuant to a further audit of Defendants' books and records for the period January 1, 2007 to December 31, 2007, plus such further amounts as may become due to the date judgment is issued and that remain unpaid by Defendants.

## AS AND FOR A SECOND CLAIM FOR RELIEF
### (FUNDS' CLAIM FOR BREACH OF E.R.I.S.A. OBLIGATIONS BY DEFENDANTS)

12. The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 11 of this Complaint, as if fully set forth herein.

13. Section 515 of E.R.I.S.A. (29 U.S.C. § 1145) requires employers to pay benefit contributions in accordance with the terms and conditions of collective bargaining agreements.

14. Upon information and belief, at all times material hereto, Defendants failed to pay or timely pay and/or submit the required monetary contributions and/or reports to the Funds when due. Such failure to make payment or timely payment and/or submit reports constitutes a violation of Section 515 of E.R.IS.A. (29 U.S.C. § 1145).

15. Section 502 of E.R.I.S.A. (29 U.S.C. § 1132) provides that, upon a finding of an employer violation of Section 515 of E.R.I.S.A. (29 U.S.C. § 1145), the Court shall award to the plaintiff, the unpaid benefit contributions, plus statutory damages (liquidated damages) and interest on the unpaid principal both computed at the rate provided for under the Funds' plan or, if none, as set forth in the United States Internal Revenue Code (29 U.S.C. § 6621), together with reasonable attorneys' fees and costs and disbursements incurred in the action.

16. Accordingly, Defendants are liable to the Funds for the payment and/or submission of the required monetary contributions and/or reports to the Funds as aforesaid, and are liable for the additional amount of said statutory damages (liquidated damages), together with reasonable attorneys' fees, interest on the unpaid principal, costs and disbursements incurred in this action, pursuant to Section 502 of E.R.I.S.A. (29 U.S.C. § 1132).

### AS AND FOR A THIRD CLAIM FOR RELIEF
#### (FUNDS' DEMAND FOR AN ORDER DIRECTING DEFENDANTS TO PERMIT AN AUDIT OF DEFENDANTS' BOOKS AND RECORDS)

17. The Funds repeat and reallege each and every allegation contained in paragraphs 1 through 16 of this Complaint, as if fully set forth herein.

18. Defendants are obligated, pursuant to the terms of the Agreement, to permit and cooperate in the conduct of audits of the books and records of Defendants by the Funds.

19. Accordingly, pursuant to the terms and conditions of the Agreement, the Funds demand an order directing Defendants to permit and cooperate with the Funds and/or their designated representatives in the conduct of the aforesaid audit of Defendants' books and records.

**WHEREFORE,** plaintiff Funds demand judgment:

a.  against Defendant, jointly and January 1, 2007 to December 31, 2007.

b.  against Defendants, jointly and severally, for payment of all contributions which become due during the pendency of this action;

c.  against Defendants, jointly and severally, for accrued prejudgment interest on all contributions in accordance with E.R.I.S.A. § 502 (g)(2);

d.  against Defendants, jointly and severally, for statutory damages on all contributions now due and which accrue during the pendency of this action, reasonable attorneys' fees and costs and disbursements in accordance with E.R.I.S.A. § 502(g)(2);

e.  against Defendants, jointly and severally, for contractual damages on all contributions now due and which accrue during the pendency of this action, reasonable attorneys' fees and costs and disbursements.

f.  for an Order requiring Defendants, jointly and severally, to permit and cooperate in the conduct of an audit of the books and records of Defendants, for the period January 1, 2007 to date, by the Funds;

g.  for such other and further relief as the Court deems just and proper.

Dated:  New York, New York
        May 28, 2008

                                        RAAB, STURM, GOLDMAN & GANCHROW, LLP

                                        By: _____
                                        Ira A. Sturm (IS-2042)
                                        *Attorneys for Plaintiffs Funds*
                                        317 Madison Avenue, Suite 1708
                                        New York, New York 10017
                                        (Tel.) 212-683-6699
                                        (Fax) 212-779-8596