```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
BUILDING SERVICE 32BJ HEALTH FUND,              :
BUILDING SERVICE 32BJ LEGAL SERVICES            :
FUND, BUILDING SERVICE 32BJ THOMAS              :
SHORTMAN TRAINING, SCHOLARSHIP AND              :
SAFETY FUND,                                    :
                                                :
                                                :
                            Plaintiffs,         :   08-CV-5022 (JSR)
        -against-                               :
                                                :
UNION LABOR MAINTENANCE, INC. and its successors:
and/or its alter egos U-L MANAGEMENT, INC.;     :
U-L MANAGEMENT; and John Reed,                  :
Michael McCarthy and Paul Searfoss d/b/a        :
U-L MANAGEMENT                                  :
                                                :
                            Defendants.         :
-----------------------------------------------------------X
```

## MEMORANDUM OF LAW IN SUPPORT OF
## APPLICATION FOR LEAVE TO SERVE BY ALTERNATE SERVICE

Building Service 32BJ Health Fund, Building Service 32BJ Legal Services Fund and Building Service Thomas Shortman Training, Scholarship and Safety Fund, herein collectively referred to as the "Funds", by their attorneys Raab, Sturm, Goldman & Ganchrow LLP, submit this Memorandum of Law in support of their application for leave to serve by alternate service as follows:

### INTRODUCTION

As more fully set forth in the accompanying affidavit of Ira A. Sturm, the Funds commenced this action against an employer and its successors and/or alter egos based upon the employer's failure to pay monthly contributions required by a collective bargaining agreement. The Funds have diligently attempted to serve the defendants with the summons and complaint. Unable to effectuate service, the Funds now move for an order permitting alternate service by use of email, facsimile and mailing.

### ARGUMENT

Under the Federal Rules of Civil Procedure an individual may be served personally by

delivering the summons and the complaint to the individual or by "following the state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is being made" (FRCP 4 (e) (1)). The same rule applies for service upon a corporation, partnership or association (FRCP 4 (h) (1). At hand, either the New York CPLR may apply since the action is pending in the Southern District of New York; or the New Jersey service provisions may apply given that all the defendants reside in or are located in New Jersey.

In the case where service is impractical under New York law (CPLR308 (5))[1] or if service cannot be made under New Jersey law (N.J. Court Rules 4:4-4 (b) (3))[2] service may be accomplished in any manner provided pursuant to a court order.

It is well accepted that "Constitutional due process requires that service of process be reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." <u>Mullane v Central Hanover Bank & Trust, Co.</u>, 339 U.S. 306, 314, 94, L.ed 865, 70 S. Ct. 652 (1950).

It has been demonstrated that each of the defendants has made it impractical and impossible to be served in the normal course of business. As set forth in the accompanying Affidavit, diligent attempts to serve the defendants in the traditional manners have been without success. The registered corporate address of "Union Labor" simply is non-existent. The home address of the principal players

---

[1] CLRP 308 (5) provides:
Personal service upon a natural person shall be made by any of the following methods:
> 5. In such manner as the court, upon motion, directs, if service is impractical under paragraphs one, two and four of this section

[2] N.J. Court Rules 4.4-4(b)(3) provides:
b. Obtaining In Personam Jurisdiction by Substituted or Constructive Service...
> (3) By court order. If service can be made by any of the modes provided by this rule, no court order shall be necessary. If service cannot be made by any of the modes provided by this rule, any defendant may be served as provided by court order, consistent with due process.
See, <u>Muralo Co. v All Defendants</u>, 295 B.R. 512,527 N. 10 (Bankr N.J. 2003)-"The utility of [the above] provision is significant in circumstances where usual modes of service are either impossible or unduly oppressive upon the plaintiff or where the defendant successfully evades service."(internal citations omitted)

in this matter, John Reed and Paul Searfoss, are empty houses that are for sale. The new entity, U-L Management, maintains a website, a telephone number and a facsimile number. It apparently does not maintain an office, as the process server was advised that the location identified as U-L Management's office was merely a mailing address.

It is therefore apparent that the defendants are operating their businesses in an intentionally surreptitious manner for reasons, including the avoidance of service of process. The Funds recognize that under both New York and New Jersey law, the seeking of a court ordered method for service is generally an avenue of last resort when regular service is "impractical" (CPLR 308 (5)) or where the other modes of service are unsuccessful (N.J. Court Rules 4:4-4(b) (3)). Such is the case a hand. See Tishman v AP, 2006 U.S. Dist Lexis 4622 (S.D.N.Y. Feb 1, 2006) and Houie v Allen, 192 N.J. Super. 517, 521-522, 471 A2d 429 (1984).

Left to the district court's sound discretion is the task of determining when the particularities and necessities of a given case require alternate service of process. In exercising this discretion, trial courts have authorized a variety of alternative methods of service, including service by facsimile, electronic mail (email), mailing to a defendant's last known address, delivery to the defendant's attorney, telex and ordinary mail.[3]

The Funds have reasonably attempted to effectuate service on the defendants. The circumstances at hand warrant the Court's intervention to obviate the need for the Funds to further undertake methods of service, which are burdensome, expensive and most likely, given the defendants' past conduct, likely to be futile.

---

[3] Rio Props. Inc v Rio International Interlink, 284 F3d 1007, 1024 (9th Cir 2002)- service by email & facsimile; SEC v. Tome, 833 F3d 1086, 1093 (2d Cir 1987)- service by publication; International Controls Corp. v. Vesco, 593 F2d166, 176-178 (2d Cir 1979)- service by mail to last known address; Levin v. Ruby Training Corp., 248 F. Supp 537, 541-544 (S.D.N.Y. 1965)- service by ordinary mail; In re International Telemedia Assocs., Inc 245 B.R 713, 719, 720 (Bankn, N.D. Ga 2000)- service by facsimile, email and regular mail to the defendant's last known address.

Service by email will be reasonably calculated to apprise each of the defendants of the pending action. The U-L Management website will clearly apprise U-L Management of the action. Since the individual defendants are specifically identified on the website as "our leaders", addressing an email to the individuals care of the website will place them on notice of the action. In fact U-L Management, invites the public to contact it at the website and at the facsimile number. Accordingly, sending the summons and complaint to the facsimile number, addressed to each defendant will further place each on notice of this action.

As U-L Management holds itself out as being able to be contacted by these means, it can hardly raise a complaint if the court orders service upon it and its "leaders" through these publicized forms of contact.

Mailing copies of the papers to allfour locations identified with Union Labor and U-L Management and their "leaders" will further allow the defendants an opportunity to receive notice of the pending action. While it is believed that this notice is cumulative , it is better for the court to require more options for contact with the defendants than fewer options. The more options, the more reasonably calculated it will be that the defendants will have been apprised of this action and thereby afford them the opportunities to present their objections. Mullane, supra.

## CONCLUSION

Based upon the above and the record as a whole the Funds respectfully request that the relief prayed for herein be granted.

Respectfully submitted,

Raab, Sturm, Goldman & Ganchrow, LLP

_____
Ira A. Sturm (IS-2042)
attorneys for the Plaintiffs
317 Madison Avenue, Suite 1708
New York, New York 10017
(212) 683-6699